*424 OPINION.
Siepjkin:
All of the evidence is to the effect that the properties under discussion were purchased jointly by petitioners as an investment and that the decision to raze the buildings was not reached until early in 1922. We must, accordingly, reject the respondent’s contention that the case is governed by the decision in Arthur H. Ingle, 1 B. T. A. 595, which turned upon the fact that the taxpayer, when he purchased the property, expected to raze the improvements and devote the land to other uses.
We have held in a number of cases that a deductible loss, measured by unextinguished cost, resulted where existing improvements were razed to make way for other buildings. First National Bank, 1 B. T. A. 9; Burnside Steel Co., 3 B. T. A. 20; J. H. Paget, 6 B. T. A. 310.
The cost of improvements razed, or $12,000, less depreciation thereon at the rates claimed and allowed during the years intervening between the date of purchase and the year the demolition occurred, should be divided equally between petitioners as allowable deductions.

Judgment will Toe entered under Bule 50.